UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN JOHNSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-3406 |
| § | |
| BRAD LIVINGSTON, *et al*, § | |
| § | |
| Respondents. § | |

## OPINION ON DISMISSAL

Plaintiff Kevin Johnson, an inmate currently confined in the Texas Department of Criminal Justice - Correctional Institutions Division's (TDCJ-CID) Clements Unit in Amarillo, Texas, has filed a *pro se* civil rights suit under 42 U.S.C. § 1983. The Complaint names as defendants Brad Livingston, Executive Director of TDCJ, and over eighty other TDCJ employees in the Clements and Estelle Units. Plaintiff's fifty-nine page complaint seeks compensatory and punitive damages, injunctive and declaratory relief, and costs, based on a host of alleged constitutional violations. (Docket No. 1.) Plaintiff has also filed a motion to proceed *in forma pauperis*. (Docket No. 2.)

Under 28 U.S.C. § 1915(g), a prisoner cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. The only exception to this revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in imminent danger of serious physical harm. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Courts have determined that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352

F.3d 328, 330 (7th Cir. 2003) (citation omitted).  The harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing."  *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted).  Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred.  *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).  "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'"  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Ciarpaglini*, 352 F.3d at 331); *accord Andrews v. Cervantes*, 493 F.3d 1047, 1057 n. 11 (9th Cir. 2007) (same).

   Plaintiff's litigation history shows that he is subject to the three-strikes bar under Section 1915(g).  Plaintiff was previously incarcerated in Virginia where he filed numerous cases in the federal courts, at least three of which were dismissed as frivolous, malicious or failing to state a claim.  Based on this history the United States Court of Appeals for the Fourth Circuit has expressly recognized Plaintiff's "undisputed" status as a "three-strike" litigant.  *See Johnson v. Warner*, 200 F. App's 270, 272 (4th Cir. 2006).

   Because Plaintiff is subject to the three-strikes bar he cannot proceed *in forma pauperis* absent a showing that he is in imminent danger of serious physical harm.  A review of Plaintiff's Complaint shows that the majority of Plaintiff's claims involve allegations that do not present any possibility of imminent serious physical harm (i.e. First Amendment violations, unreasonable search and seizure, denial of due process, legal access, loss of property, etc.).  Although Plaintiff also asserts claims alleging unconstitutional conditions of confinement and denial of medical care, those claims are not properly filed in this district because Plaintiff is presently incarcerated in Amarillo, Texas, which is situated in the Northern District of Texas.

Thus, even assuming that some of Plaintiff's claims could be construed as alleging an imminent risk of serious physical harm, venue on those claims is not proper in this court.

Accordingly, it is ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g). If Plaintiff wishes to proceed with any of the claims for which venue is proper in this district, he must file a revised complaint asserting only those claims and submit payment for the entire $400 filing fee.

The Clerk will provide a copy of this Order to Plaintiff, to the TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker, Three-Strikes List Manager.

SIGNED at Houston, Texas, this 14th day of February, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE